WILLOUGHBY & ASSOCIATES
W. Anthony Willoughby, Esq., State Bar No. 137503
Email: anthony@firmwilloughby.us
Anthony Willoughby II, Esq., State Bar No. 314832
Email: anthonyw2@firmwilloughby.us
Joseph H. Elias, Esq. State Bar No. 332332
Email: joseph@firmwilloughby.us
200 Corporate Pointe, Suite 495
Culver City, California  90230
Telephone No.: (310) 642-0600
Facsimile No.: (310) 642-4710

Attorney for Plaintiff
RICARDO VALENZUELA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VALENZUELA, an individual<br><br>        Plaintiff,<br><br>                v.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; DEPUTY SHERIFF REMIN PINEDA (Badge # 533148), as an individual and in his official capacity as a Los Angeles County Sheriff; DEPUTY SHERIFF BOBBY OLIVARES (Badge #604231), as an individual and in his official capacity as a Los Angeles County Sheriff; SHERIFF ALEJANDRO VILLANEUVA, in his official capacity as head of the Los Angeles County Sheriff's Department, and DOES 1-50, inclusive<br><br>        Defendants. | Case No: <br><br>COMPLAINT FOR DAMAGES<br><br>1. Excessive Force (42 U.S.C. § 1983)<br>2. Failure To Properly Train (42 U.S.C. §1983)<br>3. Violation of The Bane Act (Ca. Civ. Code 52.1)<br>4. Assault & Battery<br>5. Intentional Infliction of Emotional Distress<br><br><br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff RICARDO VALENZUELA, upon information and belief, alleges and Complains as follow:

## INTRODUCTION

1. This is a civil rights action in which Plaintiff RICARDO VALENZUELA (hereinafter referred to as "Plaintiff"), seeks relief for the Defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments; and by the laws and Constitutions of the United States and State of California. Plaintiff also seeks relief for the various torts and Bane Act violations that occurred at the times described in this complaint. Plaintiff seeks compensatory and punitive damages, an award of costs, interest, attorney's fees, a court order, and such other and further relief as this Court deems just and proper.

## JURISDICTION

2. This case arises under 42 U.S.C. § 1983, and California law.

3. The United States District Court for the Central District of California has original subject matter jurisdiction over the claims within this complaint that allege violation of 42 U.S.C. § 1983 (civil rights claims) and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(a)(3) and

4. The United States District Court for the Central District of California has supplemental jurisdiction over the state law claims within this complaint, pursuant to 28 U.S.C. § 1367(a).

## VENUE

5. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to this complaint's claims occurred within the Central District of California, pursuant to 28 U.S.C. §§ 1391(b)(2).

//

**PARTIES**

6. At all times relevant to this action, Plaintiff was a resident of Los Angeles, Los Angeles County, California. Plaintiff is currently still a resident of Los Angeles, Los Angeles County, California.

7. Defendant COUNTY OF LOS ANGELES (hereinafter referred to as "County") is and was at all times relevant herein municipal entity created and authorized under the laws of the State of California. It is authorized by law to maintain a sheriff's department which acts as its agent in the area of law enforcement and for which the County is ultimately responsible.

8. At all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of Defendant, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter referred to as "LASD") and its tactics, methods, practices, customs and usages.

9. At all times herein mentioned, Defendants DEPUTY SHERIFF REMIN PINEDA (Badge # 533148) (hereinafter referred to as "Pineda") is a Sheriff of the LASD, duly appointed and acting as an employee, agent and representative of Defendant County, and was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff, and was acting in the course of and within the scope of their employment with the LASD, within the complete authority and ratification of their principal, Defendant County. He is sued individually and in their official capacities.

10. At all times herein mentioned, Defendant, DEPUTY SHERIFF BOBBY OLIVARES (Badge #604231) (hereinafter referred to as "Olivares"), is a Sheriff of the LASD, duly appointed and acting as an employee, agent and representative of Defendant County, and was acting as an

individual person under the color of state law, pursuant to his status as a Deputy Sheriff, and was acting in the course of and within the scope of their employment with the LASD, within the complete authority and ratification of their principal, Defendant County. He is sued individually and in his official capacity.

11. At all times herein mentioned, SHERIFF ALEJANDRO VILLANEUVA (hereinafter referred to as "Villanueva") is the Head Sheriff working for Defendants, County and LASD. At all relevant times, Villanueva was acting under color of law within the course and scope of his duties as pursuant to his status as a Head Sheriff, within the complete authority and ratification of their principal, Defendant County. He is sued individually and in his official capacity.

12. At all times complained of herein, DOES 1 through 50, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or Deputy Sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the LASD and were acting in the course of and within the scope of their employment with the LASD, under the complete authority and ratification of their principal, Defendant County.

13. On information and belief, at all relevant times, Defendant Pineda, Olivares and DOES 1 through 25 were residents of the County of Los Angeles, California.

14. Defendant DOES 1 through 25 is a fictitiously-named defendant that represents one or more LASD Deputy Sheriffs involved in and liable for the activities described within this complaint. At the time this complaint was filed, the Plaintiff was genuinely ignorant of the identity and liability of Defendant DOES 1 through. Investigation into the identity and liability of

Defendant DOES 1 through is ongoing. This complaint will be amended once the identity and liability of Defendant DOES 1 through 50 are ascertained.

15. Defendant County assumes the risks incidental to the maintenance of the Defendant LASD and the employment of the Defendant LASD and Deputy Sheriffs.

16. Defendants Pineda, Olivares and DOES 1 through 25 were acting under color of law and within the course and scope of their employment, including but not limited to August 6, 2019, the date the incident and Defendants County and is legally responsible for all damages caused by the intentional and/or negligent and/or otherwise tortuous conduct of Defendants Pineda, Olivares and DOES 1-25 as alleged herein.

17. By the conduct, acts, and omissions complained of herein, Deputy Defendants and DOES 1-25 violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable deputy sheriff under the circumstances would have known.

18. Defendant DOES 1-25 is a fictitiously-named defendant that represents one or more LASD deputy sheriffs involved in and liable for the activities described within this complaint. At the time this complaint was filed, the Plaintiff was genuinely ignorant of the identity and liability of Defendant DOES 1-25. Investigation into the identity and liability of Defendant DOES 1-25 is ongoing. This complaint will be amended once the identity and liability of Defendant DOES 1-25 are ascertained.

//

//

//

//

## NOTICE OF CLAIM

19. Plaintiff was a minor at the time the acts alleged in this complaint took place, and did not reach the age of adulthood until May 6, 2021.

20. Thus, pursuant to Cal. Gov. Code § 911.6(b)(2), stating "the person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim." Therefore, in compliance with Cal. Gov. Code §§ 905, 950.2, Plaintiff's statutory right was told till he reached the age of adulthood.

21. Plaintiff timely submitted his Notice of Claims on June 3, 2021, within the 45 days of the accrual of the claim, in compliance with Cal. Gov. Code § 911.2.

22. The County of Los Angeles, Office of County Counsel, rejected the claim on June 21, 2021. Defendant County's specifically rejected Plaintiff's valid claim for being "untimely presented," although Plaintiff filed his Notice of Claim within the statutory time period. Attached hereto as Exhibit A is the Notice of Untimely Denial Letter, as well as the proof of service of the notice, dated June 22, 2021.

23. Plaintiff files this instant complaint within the statutory framework of Gov. Code § 946.6, six months to file a petition in court for relief from the claims filing requirement.

## FACTS COMMON TO ALL COUNTS

24. Plaintiff repeats and re-allege each and every allegation in paragraphs 1 through 23 of this complaint with the same force and effect as if fully set forth herein.

25. On or about August 6, 2019, at approximately 7:30 p.m., near the corner of Wilcox Ave. and Gage Ave., in the city of Bell, California, Plaintiff, a young Hispanic male who at the time was only 16 years old, was fraternizing with a group of similarly aged young men and women.

26. At or around the time and place, an unnamed female officer from the City of Bell Police Department detained three young men of the group, based on a report of an assault taking place. The three men complied with the officer and where sitting side by side on the curbside as the officer was investigating the reported matter.

27. Soon thereafter, Defendants, Olivares and Pineda, arrived at the scene to allegedly provide "back-up" for the responding for the responding officer on the scene.

28. Upon their initial encounter without any provocation from Plaintiff, as Plaintiff walked over to view the events that are taking place with his fellow associates, Defendant Olivares immediately and without any reasonable suspicion or probable cause to believe that Plaintiff was armed or involved in any crime or posed an objectively reasonable threat of death or serious bodily harm grabbed Plaintiff.

29. As Plaintiff attempted to pull away from Defendant Olivares tighten his grip even more. Defendant Pineda then joined into the aggressive restraint being performed by Defendant Olivares. Then, out of nowhere, while being held down by both officers, Defendant Olivares viciously punched Plaintiff in the face and head areas several times, and was thrown and slammed onto the ground by Defendant Olivares.

30. As Plaintiff fell to the ground because of the repeated ferocious punches to the head inflicted by Deputy Olivares, Defendant Pineda fell on top of Plaintiff, pinning him down. There, while Plaintiff was laying on the ground defenseless, Defendant Olivares again viciously punched Plaintiff in the head and face.

31. In another show of objectively unreasonable and excessive force, as Plaintiff was then turned over on to his stomach while still on the ground, Defendant Pineda then punched Plaintiff in

the head twice, as well as kneeing him twice in the torso. This all occurred while Plaintiff was still laying face down on the pavement.

32. The use of force against Plaintiff was excessive and objectively unreasonable under the circumstances, especially because Plaintiff was unarmed, did not physically or verbally threaten the officers with any physical harm.

33. After Plaintiff was subject to excessive, brutal and completely unnecessary force Plaintiff was then handcuffed and detained by Defendants, Olivares and Pineda, on a phony allegation of resisting arrest.

34. Members of Defendant, LASD, including deputy sheriffs, lieutenants, sergeants, captains, and commanders know that Defendant, LASD, and  Defendant County, have a practice and custom that permits the excessive use of force by sheriff's deputies. Defendants, County and LASD, have policies, customs, and practices that evidence a deliberate indifference to the civil rights of civilians and a deliberate indifference to the civil rights of minorities within minority communities throughout the County of Los Angeles. Plaintiff is informed and believes, and thereon alleges, that to this date the Defendant, LASD, has not initiated an investigation into the conduct of Defendants, Olivares and Pineda, for the savage beating inflicted upon Plaintiff.

35. Upon information and belief, after being subjected to the excessive force, Plaintiff was in pain and in obvious and critical need of emergency medical care and treatment. Plaintiff needed medical attention due the injuries suffered the ruthless beating he endured, as described above. Plaintiff was then escorted by ambulance to Los Angeles County/The University of Southern California for treatment resulting from the injuries sustained from the beating.

36. As result of the excessive force, Plaintiff experienced terror, humiliation and distress.

37. As result of the excessive force, Plaintiff sustained serious ongoing physical, mental and emotional injuries, continuing mental, physical and emotional pain, ongoing physical and pain management therapy, ongoing mental counseling.

## FIRST CAUSE OF ACTION

### (Violation Of Civil Rights (42 U.S.C. §1983)(Excessive Force) against ALL Defendants and DOES 1-50, inclusive)

38. Plaintiff re-alleges paragraphs 1 through 36, supra, as though fully set forth here.

39. Despite not physically or actively resisting the Defendant officers as Plaintiffs were detained and/or arrested, Defendants, Pineda and Olivares, used excessive force against Plaintiffs by and without any reasonable suspicion or probable cause to believe that Plaintiff was armed or involved in any crime or posed an objectively reasonable threat of death or serious bodily harm to Plaintiff by brutally grabbing him, punching and kicking him numerous times in the head and torso, then throwing and slamming Plaintiff onto the ground causing pain, terror, humiliation and distress, slammed Plaintiff onto the concrete where he landed on his head and face causing pain, terror, distress, humiliation, distress and bloody lacerations to Plaintiff.

40. As result of the excessive force, Plaintiff sustained serious past and ongoing physical, mental and emotional injuries.

41. Upon information and belief, Defendants, Olivares and Pineda, have had several prior complaints of excessive force brought against them by citizens of the City of Bell indicative of the defendant officers' propensity to use excessive force that went uninvestigated and/or for which the deputies were subjected to no discipline nor remedial training or repercussions indicative of an unconstitutional custom and policy of inaction, inadequate training, and/or ratification of unconstitutional uses of force.

42. The excessive use of force deprived Plaintiff of his right to be secure in his person against excessive force and unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43. The excessive use of force deprived Plaintiff of his right to be secure in his person against excessive force and unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44. Upon information and belief, Defendants, Olivares and Pineda's conduct violated their standard police training.

45. As a direct and proximate result of said acts and/or omissions by Defendants, Plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, humiliation, emotional distress and other injuries, which warrant the awarding of compensatory and special damages in a sum according to proof.

46. The aforementioned acts and/or omissions of said Defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages. Plaintiff also seeks costs and reasonable attorney's fees as provided under 42 U.S.C. §§ 1983, 1985, and 1986.

47. Wherefore, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

## (Failure To Properly Train (42 U.S.C. §1983) against County, LASD, Villanueva, and DOES 1 through 50, inclusive)

48. Plaintiff re-alleges paragraphs 1 through 36, supra, as though fully set forth here.

49. Defendants, County, LASD, Villanueva, and DOE supervisors acted under color of law.

50. The acts of Defendants, County, LASD, Villanueva and DOES 1 through 50 deprived Plaintiff of his particular rights under the United States Constitution.

51. The training policies of Defendants, LASD, County, Villanueva, and DOE supervisors were not adequate to train its officers, such as Defendants, Olivares, Pineda, and DOES 1 through 50, to handle the usual and recurring situations with which they must deal. This includes training with respect to tactics, the use of force, including deadly force, de-escalation techniques, not waiting for sufficient assets, equipment and personnel, controlling deputy emotions and fears including inadequate "warrior training" that imbues deputies with irrational fears about every situation and encourages excessive and unreasonable force and overreacting to a situation.

52. Defendants, County, LASD, Villanueva, and DOE supervisors were deliberately indifferent to the obvious consequences of their failure to train their deputies adequately, including training with respect to tactics, the use of force, and de-escalation techniques.

53. The failure of Defendants, County, LASD, Villanueva, and DOE supervisors to provide adequate training caused the deprivation of Plaintiff's rights by Defendants, Olivares and Pineda; that is, Defendants', County, LASD, Villanueva, and DOE supervisors, failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

54. Defendants, County, LASD, Villanueva, and DOE supervisors have inadequate training for LASD deputies with regard to the following:

    a. Effective communication to enable a peace officer to gain cooperation and voluntary compliance in stressful situations.

b. Effective communication as a basic element of the use of force with the goal of law enforcement is to gain voluntary compliance without resorting to physical force.

c. A law enforcement officer's responsibility to effectively communicate both in a professional demeanor and with words resulting in improved safety.

d. f) Self-control as one of a peace officer's greatest assets in dealing with a person or a situation.

e. Unreasonable fear includes overreactions to true potential threats as well as reactions to unreal threats based on prejudice or poor application of past experience.

f. Unreasonable fear can be responsible for inappropriate responses such as a failure to respond or responding inappropriately (using unreasonable force).

g. Unreasonable force occurs when the type, degree, and duration of force employed was not necessary nor appropriate.

h. The community expects that its peace officers will use only reasonable amounts of force. Likewise, it expects that someone, including peace officers, will intervene if reasonable force is exceeded.

55. As result of the failure to properly train, Plaintiff sustained serious past and ongoing physical, mental and emotional injuries.

56. The failure to properly train Defendants, Olivares and Pineda, deprived Plaintiff of his right to be secure in his person against excessive force and unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

57. The failure to properly train deprived Plaintiff of his right to be secure in his person against excessive force and unreasonable searches and seizures as guaranteed to Plaintiff under the

Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

58. As a direct and proximate result of said acts and/or omissions by Defendants, County, LASD, Villanueva, and DOE supervisors Plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, humiliation, emotional distress and other injuries, which warrant the awarding of compensatory and special damages in a sum according to proof.

59. The aforementioned acts and/or omissions of said Defendants, County, LASD, Villanueva, and DOE supervisors, were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages. Plaintiff also seeks costs and reasonable attorney's fees as provided under 42 U.S.C. §§ 1983, 1985, and 1986.

60. Wherefore, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION

**(Violation of The Bane Act (Ca. Civ. Code 52.1) against ALL Defendants, and DOES 1 through 50, inclusive)**

61. Plaintiff re-alleges paragraphs 1 through 36, supra, as though fully set forth here.

62. As alleged herein, Defendants, County, LASD, Villanueva, Olivares, Pineda, and DOES DOES 1 through 50, inclusive, interfered by threats, intimidation, coercion, and/or violence with PLAINTIFF's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to free speech, freedom of assembly and freedom to redress grievances, the right to due process, and the right to bodily integrity and protection from bodily harm, including his rights

under Civil Code § 43, Penal Code §§ 149, 240, and 242, and his rights under the First
Amendment to the United States Constitution and his rights under Article 1, Sections 1, 2, 3,
7 and/or 13 of the California Constitution.

63. As a direct and proximate result of said acts and/or omissions by Defendants, County, LASD,
Villanueva, Olivares, Pineda and DOES 1 through 50, inclusive, Plaintiff suffered
unreasonable interference with his personal liberty, physical injury, pain and suffering,
humiliation, emotional distress and other injuries, which warrant the awarding of
compensatory and special damages in a sum according to proof.

64. The aforementioned acts and/or omissions of said Defendants, County, LASD, Villanueva,
Olivares, Pineda and DOES 1 through 50, were willful, intentional, wanton, reckless and/or
accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of
punitive damages. Plaintiff also seeks costs and reasonable attorney's fees.

65. Wherefore, Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION

**(Assault & Battery against against ALL Defendants, and DOES 1 through 50, inclusive)**

66. Plaintiff re-alleges paragraphs 1 through 36, supra, as though fully set forth here.

67. Defendants, County, LASD, Villanueva, Olivares, Pineda and DOES 1 through 50 had no
legal justification for their actions, and Defendants, County, LASD, Villanueva, Olivares,
Pineda and DOES 1 through 50 use of force against Plaintiff when LASD deputies used
violent and excessive force against Plaintiff on August 6, 2019 when Defendants without just
and legal cause, grabbed Plaintiff, punched him in the face and kneed him in the torso several
times, slammed Plaintiff hard to the concrete ground, and presided to continue to punch and
strike Plaintiff in the head and torso area.

68. At said time, said Defendants and DOES 1 through 50 inclusive, did in fact use excessive force against Plaintiff and assaulted and battered him.

69. At said time, Plaintiff did not consent to the assault and battery

70. As a direct and proximate result of said acts and/or omissions by Defendants, County, LASD, Villanueva, and DOE supervisors Plaintiff suffered, physical injury, pain and suffering, humiliation, emotional distress, and other injuries, which warrant the awarding of compensatory and special damages in a sum according to proof.

71.  The aforementioned acts and/or omissions of said Defendants, County, LASD, Villanueva, Olivares, Pineda and DOES 1 through 50, were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages.

72. Wherefore, Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress against ALL Defendants, and DOES 1 through 50, inclusive)**

73. Plaintiff re-alleges paragraphs 1 through 36, supra, as though fully set forth here.

74. Defendants, County, LASD, Villanueva, Olivares, Pineda and DOES 1 through 50 conduct was unreasonable, unjustified, and constituted outrageous behavior.  Defendants and their employees and agents acted with deliberate malice and oppression.

75. The Defendants acted with reckless disregard of the probability of causing emotional distress to Plaintiff given that the conduct was of a nature that reasonably should have been recognized as likely to cause severe emotional distress.

76. Defendants authorized and ratified the conduct of its agents and employees and that said agents and employees were acting within the course and scope of their employment or agency, with the permission, instruction, and consent of Defendants. Alternatively, if Defendants' agents and employees were acting outside the course and scope of their employment, it was known, authorized, and ratified by Defendants.

77. As a direct and proximate result of said acts and/or omissions by Defendants, County, LASD, Villanueva, Olivares, Pineda, and DOES 1 through 50, Plaintiff suffered, physical injury, pain and suffering, humiliation, emotional distress, and other injuries, which warrant the awarding of compensatory and special damages in a sum according to proof.

78. The aforementioned acts and/or omissions of said Defendants, County, LASD, Villanueva, Olivares, Pineda, and DOES 1 through 50, were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages.

79. Wherefore, Plaintiff prays for judgment as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. Compensatory damages, including lost earnings and other employment benefits, together with interest thereon at the maximum rate allowed by law, in a sum according to proof at the time of trial;

2. Present value of lost future earnings and benefits, and loss of earning capacity, according to proof;

3. General damages, including damages for physical and emotional distress, embarrassment, anxiety, humiliation and mental anguish, in a sum according to proof at the time of trial;

4. Special, actual, compensatory and/or nominal damages for their wrongful conduct, in a sum according to proof at the time of trial;

5. Exemplary and punitive damages in a sum appropriate to punish defendants and set an example for others;

6. Attorney's Fees and Cost pursuant to United States Code 42 U.S.C. §§§ 1983, 1985, 1986 and expenses of litigation;

7. Costs of suit herein;

8. Prejudgment interest at the legal rate of interest on all said sums; and

9. Such other and further relief as the Court may deem proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury in this action on each and every one of his claims.

DATED: December 3, 2021

Respectfully submitted

*Willoughby & Associates*

By: /s/ Joseph H. Elias
JOSEPH H. ELIAS, ESQ.
W. ANTHONY WILLOUGHBY, ESQ.
Attorneys for Plaintiff,
RICARDO VALENZUELA

**EXHIBIT A**

COMPLAINT FOR DAMAGES



# COUNTY OF LOS ANGELES

## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

RODRIGO A. CASTRO-SILVA
County Counsel

June 21, 2021

Joseph Elias, Esq.
Willoughby & Associates
200 Corporate Pointe, Suite 495
Culver City, California 90230

Ricardo Valenzuela
4819 E. Colonia De Los Pinos
Los Angeles, California 90022

**Re:** **Claim Presented:**          **June 3, 2021**
        **File Number:**             **21-4385104*001**

Dear Counselor/Claimant:

The claim you presented to the County of Los Angeles,
Board of Supervisors on **June 3, 2021**, is being returned because it was not timely
presented. A preliminary review of this matter indicates that your claim was
presented more than one year after the event or occurrence. See Sections 901 and
911.2 of the Government Code. Because the claim was not presented within the
time allowed by law, no action was taken on the claim.

This time limitation applies only to causes of action for which
Government Code Sections 900 - 915.4 require you to present a claim. Other
causes of action, including those arising under federal law, may have different
time limitations.

You may seek the advice of an attorney of your choice in connection with
this matter. If you desire to consult an attorney, you should do so immediately.

Very truly yours,

RODRIGO A. CASTRO-SILVA
County Counsel

By _____

JOSEPH A. LANGTON
Principal Deputy County Counsel
Litigation Monitoring Team

JAL:ce

HOA.103297193.1

1

## PROOF OF SERVICE

2

### File No. 21-4385104*001

3

STATE OF CALIFORNIA, County of Los Angeles:

4

    I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action.  My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

5

6

    That on **June 22 , 2021**, I served the attached

7

### NOTICE OF UNTIMELY DENIAL LETTER

8

    upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

9

10

    Joseph H. Elias, Esq.
WILLOUGHBY & ASSOCIATES
200 Corporate Pointe, Suite 495
Culver City, California 90230

11

12

    Ricardo Valenzuela
4819 E. Colonia De Los Pinos
Los Angeles, California 90022

13

14

    ☒    **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

15

16

    (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

17

18

    (2) ☒  placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

19

20

    I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California:

21

22

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

24

    Executed on **June 2 2 , 2021**, at Los Angeles, California.

25

26

_____      _____
**(NAME OF DECLARANT)**        **(SIGNATURE OF DECLARANT)**

27

28

HOA.103297207.1